IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE PANDO,<br><br>          Petitioner,<br><br>   v.<br><br>EDMOND G. BROWN,<br><br>          Respondent. | No. C 14-01076 EJD (PR)<br><br>**ORDER REOPENING ACTION; DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING CERTIFICATE OF APPEALBILITY** |

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison, has filed a pro se petition for a writ of habeas corpus. On April 22, 2014, the Court dismissed the instant action for failure to pay the filing fee. (Docket No. 3.) On December 4, 2014, the Court granted Petitioner's motion for reconsideration and directed Petitioner to either file an in forma pauperis application or pay the filing fee. (Docket No. 7.) According to the docket, the filing fee was filed received on January 6, 2015. The Clerk is therefore ordered to vacate the April 22, 2014 Order of Dismissal and Judgment (Docket Nos. 3 and 4), and reopen this case.

However, after reviewing the petition, for the reasons stated below, the court DENIES the Petition for a Writ of Habeas Corpus.

Order of Dismissal
P:\PRO-SE\EJD\HC.14\01076Pando_dismissal.wpd

**DISCUSSION**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...." Rule 4, Rules Governing Section 2254 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**A.   Background**

According to the petition, Petitioner was found guilty of first degree murder and sentenced to a term of 25 years to life. (Docket No. 1-1 at 2.) On October 31, 2011, Petitioner appeared before the Board of Parole Hearings ("BPH") for his seventh parole consideration hearing. The Board found him suitable for release at that time. (Docket No. 1-1 at 2-11.) On March 29, 2012, Governor Brown exercised his authority and reversed the Board's decision and found Petitioner not suitable for parole. (Docket No. 1-2 at 16-18.)

Petitioner apparently filed an unsuccessful habeas petition in the California Supreme Court before filing this action. (Docket No. 1 at 2 and 4.)

Petitioner filed the instant federal habeas petition on March 7, 2014. Petitioner claims that the governor's decision is not supported by "some evidence" as required under California law in violation of the Fourteenth Amendment Due Process Clause.

**B.   Analysis**

The instant petition will be dismissed because it plainly appears from the face of the

petition that Petitioner has failed to state a cognizable claim for federal habeas relief.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459–60 (1989).

"California's parole scheme gives rise to a cognizable liberty interest in release on parole." McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002), overruled on other grounds by Swarthout v. Cooke, 562 U.S. 216 (2011); see also Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010).[1] However, the United States Supreme Court has clearly stated that, in the parole context, a prisoner has received adequate process when he has been allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. Cooke, 562 U.S. at 220.

In Cooke, the Supreme Court reviewed two cases in which California prisoners were denied parole — one case by the Board, and the other case by the Governor after the Board had granted parole. Cooke, 562 U.S. at 217–19. The Court specifically found that although California had created a liberty interest in receiving parole when the California standards for parole have been met, that federal right is a procedural right and not a substantive right. "[T]he relevant inquiry is what process [the habeas petitioner has] received, not whether the state court decided the case correctly." Id. at 222. The Court concluded that, in the parole context, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442

---

[1] In Swarthout v. Cooke, the Supreme Court stated that it had "no need to review" the Ninth Circuit's determination that California law created a liberty interest in parole," but observed that "it is a reasonable application of [Supreme Court] cases." Swarthout, 131 S. Ct. at 861-62 (citing Board of Pardons v. Allen, 482 U.S. 369, 373-81 (1987), and Greenholtz, 442 U.S. at 12).

Order of Dismissal
P:\PRO-SE\EJD\HC.14\01076Pando_dismissal.wpd        3

U.S. 1, 16 (1979)). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Id. at 220.  In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard.  Id. at 220-21.

In this case, Petitioner seeks federal habeas relief on the grounds that Governor Brown's reversal of the Board's determination of his suitability for release; Governor Brown's denying him parole; and the findings upon which the Governor''s denial was based, were not supported by sufficient evidence in violation of the Due Process Clause of the Fourteenth Amendment.  However, under the Supreme Court's decision in Cooke, this court may not review whether California's "some evidence" standard was correctly applied in Petitioner's case.  Id. at 221–22; see also Miller v. Oregon Bd. of Parole and Post–Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Cooke, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'").

Because it appears plainly from the face of this petition that Petitioner is not entitled to federal habeas relief, this petition is **DENIED**.

//

## CONCLUSION

The Clerk is directed to **RE-OPEN** this action. For the reasons stated above, the Court concludes that the Petition for a Writ of Habeas Corpus must be **DENIED**.

Further, a Certificate of Appealability is **DENIED**. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions, enter judgment in favor of Respondent, and close the file.

IT IS SO ORDERED.

DATED:  4/2/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOUIE PANDO,

        Plaintiff,

  v.

EDMOND G. BROWN,

        Defendant.

Case No. 5:14-cv-01076-EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/3/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Louie Pando ID: C-29932
Salinas Valley State Prison
P. O. Box 689
Soledad, CA 93960

Dated: 4/3/2015

Richard W. Wieking
Clerk, United States District Court

By *Elizabeth C. Garcia*
Elizabeth Garcia, Deputy Clerk to the
Honorable EDWARD J. DAVILA